UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BILLY SEARS | Case No. 4:17-cr-00023-SEB-VTW-3<br>ORDER ON MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cr-00023-SEB-VTW |
| ) | |
| BILLY DALE SEARS, ) -03 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Billy Sears has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Sears*, 4:17-cr-00023-SEB-VTW-3, dkt. 261. Mr. Sears asks the Court to reduce his sentence to time served.[1] *Id.* The United States argues, in part, that Mr. Sears's motion is barred by the terms of his plea agreement. Dkt. 286 at 10-11. For the reasons stated below, Mr. Sears's motion is **denied**.

### I. Background

In May 2019, Mr. Sears executed a petition to enter plea of guilty and plea agreement. Dkt. 174. In this plea agreement, Mr. Sears agreed to plead guilty to one count of conspiracy to distribute methamphetamine. *Id.* at 1-2. He admitted distributing at least 4.5 kilograms of methamphetamine ice from January 1, 2017, until November 2017. *Id.* at 7. In Paragraph 21 of the plea agreement, Mr. Sears agreed "not to contest, or seek to modify, [his] . . . sentence . . . in any

---

[1] To the extent Mr. Sears's motion can be understood to request release to home confinement under 18 U.S.C. § 3624(c)(2), the Court does not have authority to grant such relief. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (holding that the district court lacks authority to transfer an inmate to home confinement; instead, "the [BOP] (and, under the CARES Act, the Attorney General) has plenary power over its inmates' placement"); *see also United States v. Williams*, 829 F. App'x 138, 139-40 (7th Cir. 2020) (noting the CARES Act "carved out no role for the courts" in determining whether a defendant is a "suitable candidate" for home confinement).

proceedings, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *Id.* at 10.

The Court conducted a change of plea and sentencing hearing for Mr. Sears on October 9, 2019. Dkt. 198. The Court accepted Mr. Sears's guilty plea and sentenced him to 132 months' imprisonment and five years' supervised release. *Id.*; *see also* dkt. 203. Judgment was entered on October 17, 2019, dkt. 203, and Mr. Sears did not appeal his conviction or sentence.

On July 21, 2020, Mr. Sears filed a pro se motion asking the Court to reduce his sentence to time served. Dkt. 261. The United States has responded, dkt. 286, and Mr. Sears has replied, dkts. 289 and 294.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Sears asks the Court to grant his request for compassionate release because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 261. In its response, the United States argues that Mr. Sears waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 286 at 10-11. In reply, Mr. Sears contends that the waiver should not apply

because he signed his plea agreement "before the world was changed by the Covid-19 global pandemic." Dkt. 289 at 2.

Mr. Sears's motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Sears's plea waiver plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

Mr. Sears argues that this waiver should not be enforceable because of the unforeseen nature of the COVID-19 pandemic. Dkt. 289 at 2. However, the Seventh Circuit specifically rejected this argument in *Bridgewater*, reasoning, "The change of circumstances brought on by the pandemic does not render Bridgewater's earlier waiver unknowing or involuntary. 'At worse, he did not fully appreciate that he might wish to change his mind later . . . . Yet, such is the risk with plea-bargaining and waiver.'" 995 F.3d at 596 (quoting *United States v. Alcala*, 678 F.3d 574, 580 (7th Cir. 2012)). Under the binding precedent of *Bridgewater*, Mr. Sears's plea waiver is valid and thus must be enforced.

### III. Conclusion

For the reasons explained above, Mr. Sears's motion for compassionate release, dkt. [261], is **denied**.

**IT IS SO ORDERED.**

Date: 10/01/2021

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Billy Sears, #16048-028
USP Atlanta
U.S. Penitentiary
P.O. Box 150160
Atlanta, GA 30315

All Electronically Registered Counsel